UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| VERIZON BUSINESS GLOBAL LLC | * | CIVIL ACTION |
| --- | --- | --- |
| | * | |
| VERSUS | * | NO. 07-415 |
| | * | |
| WAYNE HAGAN and JAMES JOUBERT | * | SECTION "L"(4) |

## ORDER & REASONS

Before the Court is the Defendants' Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. Nos. 92 and 108). For the following reasons, the motion is DENIED.

## I.     BACKGROUND

This case arises out of the severance of an underground fiber-optic cable. The Plaintiff MCI Communications Services, Inc. ("MCI") provides telecommunications services nationwide via a network of fiber-optic cables buried underground. The Plaintiff is a wholly-owned subsidiary of Verizon Communications. A portion of the Plaintiff's cable network is laid near the Illinois Central Railroad tracks in St. John the Baptist Parish, Louisiana, per an agreement between Illinois Central Gulf Railroad Company and MCI Telecommunications Corporation.

The Plaintiff alleges that on or about January 20, 2006, the Defendants severed some of the fiber-optic cables while excavating in an effort to build a boat launch. The Plaintiff claims that Defendant Wayne Hagan, the purported owner of the property, requested that Defendant James Joubert perform the work for the construction of a boat ramp, and the cable was severed while the Defendants were removing logs and other debris from a canal. Verizon brought claims for trespass and negligence, and sought $75 million in damages.

The Defendants deny liability. The Defendants claim they were not excavating. Wayne Hagan has filed a counterclaim against MCI contending that MCI has conducted unauthorized operations on his property, which he alleges is adjacent to the right of way granted by Illinois Central, and seeks damages for his having to remove MCI's cables from under his property.

Verizon advised the Court that eighteen months into the process of discovery, it discovered that it did not actually own the cable at issue. On October 8, 2008, Verizon substituted its wholly owned subsidiary MCI, the actual owner of the cable, as the Plaintiff.

## II. SUMMARY OF MOTION AND OPPOSITION

Both Defendants Wayne Hagan and James Joubert move to dismiss this action for lack of subject matter jurisdiction. The Defendants argue that on the date that MCI was substituted for Verizon as the Plaintiff in this action, Verizon had no standing because it was admittedly not the owner of the cable at issue. Therefore, the Court had no jurisdiction to allow the substitution of MCI and the case should be dismissed. In response, the Plaintiff asserts that this argument has been waived because the Defendants did not timely assert the claim during the hearing on the Motion to Substitute, the amendment was proper under Federal Rule of Civil Procedure 17, MCI's claims relate back to the original complaint, the motion is really a motion for reconsideration, and the issue is moot. Because the Court finds that the amendment was proper under Federal Rules of Civil Procedure 15 and 17, the Court declines to reach the other responses set forth by the Plaintiff.

## III. LAW AND ANALYSIS

A party may challenge the subject matter jurisdiction of the Court pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. "Lack of subject matter jurisdiction may be

found in any of one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle the plaintiff to relief." *Id.* If a district court is presented with a motion to dismiss with a motion for summary judgment in the alternative, the court's first inquiry must be whether subject matter jurisdiction exists before it can continue with a determination as to whether summary judgment should be granted or not. *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir.1981).

a. **Rule 17 and Standing**

It is a well settled principle of law that unless a plaintiff has standing, a federal court lacks subject matter jurisdiction to address the merits of the case. *McClure v. Ashcroft*, 335 F.3d 404 (5th Cir. 2003). Standing is an irreducible constitutional minimum that is a threshold inquiry to adjudication. *See In re FEMA Trailer Formaldehyde Products Liability Litigation*, 570 F.Supp.2d 851, 853 (E.D.La. Aug 01, 2008). The real party in interest issue is very different from standing. *K-B Trucking Co. v. Riss Intern. Corp.*, 763 F.2d 1148, FN7 (10th Cir. 1985) (citing Wright, The Law of Federal Courts 452-53 n.2 (4th ed. 1983)). The standing question arises in the realm of public law, when governmental action is attacked on the ground that it violates private rights or some constitutional principle. *Id.*; *see also In re Unger & Associates, Inc.*, 292 B.R. 545, 550-51 (Bankr. D. Tex. 2003) ("The standing doctrine, unlike Rule 17, relates only to the public law context."). On the other hand, the real party in interest question is raised between private parties where a plaintiff's interest is not easily discernible. *See id.*; *see*

*also Malamud v. Sinclair Oil Corp.*, 521 F.2d 1142, 1147 (6th Cir. 1975) (citing 13 Charles Alan Wright, Arthur Miller & Edward H. Cooper, Federal Practice & Procedure § 3529 at 176 (1975)) (called into doubt on other grounds). As Professor Miller notes, cases frequently confuse the concepts of standing with the real party in interest principle. 13A Charles Alan Wright, Arthur Miller & Edward H. Cooper, Federal Practice & Procedure § 3531 at 43 (3d ed.2008). The claims in the instant case involving negligence and trespass implicate a real party in interest issue.

Rule 17(a) provides, in pertinent part:

An action must be prosecuted in the name of the real party in interest..... The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a).

The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery. *United States v. 936.71 Acres of Land*, 418 F.2d 551, 556 (5th Cir.1969); *see also Lubbock Feed Lots, Inc. v. Iowa Beef Processors*, 630 F.2d 250, 256-57 (5th Cir.1980). Conversely, a party not possessing a right under substantive law is not the real party in interest with respect to that right and may not assert it. *936.71 Acres of Land*, 418 F.2d at 556.

The Advisory Committee Notes state that this provision was intended to prevent forfeiture and was added in the interests of justice. Fed. R. Civ. P. 17(a) Advisory Committee Notes, 1966 Amendment. Rule 17(a) substitution of plaintiffs should be liberally granted where "the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Advanced Magnetics, Inc. v. Bayfront Partners Inc.*, 106 F.3d

11, 20 (2d Cir.1997). As the Fifth Circuit observed in *Wieburg v. GTE Southwest Inc.*, 272 F.3d 302, 308 (5th Cir.2001), Rule 17 is applicable where an understandable mistake has been made regarding the proper party plaintiff or the determination of that party is difficult. *See* 1966 Advisory Committee Notes, Fed. R. Civ. P. 17; *see also Delor v. Intercosmos Media Group, Inc.*, 232 F.R.D. 562 (E.D. La. 2005). Thus, the question for this Court is whether the Plaintiff made an understandable mistake at the time it filed suit as Verizon.

In its Motion to Substitute (Rec. Doc. No. 69), the Plaintiff stated, "VzB discovered that MCIC, which is a wholly-owned subsidiary of VzB, is the entity that actually owns the cable at issue..." The Defendants contend that the Plaintiff has engaged in a "bait-and-switch" and a "shell game" to its tactical advantage. *See* Rec. Doc. No. 146. The Defendants cite testimony from Rusty Wood and Lynn Carson as evidence that Verizon and MCI knew that Verizon was not the real party in interest. However, these individuals were not executives of the company. In fact, Mr. Wood was not employed by Verizon or MCI until July 16, 2007, nearly seven (7) months after the action was commenced. Ms. Carson was not reasonably expected by the Plaintiff to have knowledge concerning the entities owned by Verizon Communications. Thus, the opinions offered by these employees does not provide definitive evidence disproving MCI's contention that its mistake was an understandable one.

Furthermore, the Plaintiff has demonstrated that the determination of the proper party to sue was made difficult by the numerous mergers, acquisitions, corporate transactions and name changes that have occurred between the time the cable was originally installed to the date of the alleged severance. Fourteen (14) days before the cable was severed, MCI's parent company, MCI, Inc., completed an $8.5 billion merger with Verizon Communications, Inc. in which segments of the former MCI, Inc. were combined with similar existing functions in

Verizon Communications, Inc. Under these circumstances, and in light of Rule 17(a)'s purpose, the Court finds that Plaintiff's filing of suit in the name of Verizon was the result of an understandable mistake and the substitution of MCI as the real party in interest was appropriate.

**b.      Rule 15 and Relation Back**

The analysis does not end here, as the Court turns next to the question of whether MCI's claims relate back to the date the original pleading was filed. Rule 15(c) has been used in conjunction with Rule 17(a) to enable an amendment substituting the real party in interest to relate back to the time the original action was filed. *MCI Worldcom Network Services, Inc. v. Graphnet, Inc.*, 2005 WL 1116163, *6 (D. N.J. May 11, 2005) )citing 6A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE §1555).

In Louisiana, there is a one year prescriptive period for negligence actions. La. Civ. Code art. 3492, *see also Allstate Ins. Co. v. Torres*, 2007 WL 3102791, *2 (E.D.La. Oct.23, 2007). "This prescription commences to run from the day of injury or damage is sustained." *Id.* For damage to immovable property, the one year prescription begins on the day the owner of the property acquired or should have acquired knowledge of the damage. La. Civ. Code. art. 3493. Where a complaint is amended to raise claims that have been prescribed, the amendment is futile and should not be permitted unless, under Rule 15(c), it relates back to the date of original filing. *See In re Tug Robert J. Buchard, Inc*., 2006 WL 3692677 (E.D.La. Dec. 11, 2006). "The rationale of the rule is that, once litigation involving a particular transaction has been instituted, the parties should not be protected by a statute of limitations from later asserted claims that arose out of the same conduct set forth in the original pleadings." *Kansa Reinsurance Co. v. Congressional Mortgage Corp.*, 20 F.3d 1362, 1366-67 (5th Cir.1994).

Rule 15(c) provides that " An amendment to a pleading relates back to the date of

the original pleading when...the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading..." Fed. R. Civ. P. 15(c). The Advisory Committee Note to Rule 15(c) states that "the attitude taken in [the rule] toward change of defendants extends by analogy to amendments changing plaintiffs." Fed. R. Civ. Pro. 15(c), Advisory Committee Note. Notice is the critical element involved in Rule 15(c) determinations. *Williams v. United States*, 405 F.2d 234, 236 (5th Cir.1968); *see also Melerine v. American Multi-Cinema, Inc.*, 882 So. 2d 628 (5th Cir. 2004).

In order for the new Plaintiff's claim to relate back, three requirements must be met under Rule 15(c): the amended complaint must arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; there must be a sufficient identity of interest between the new plaintiff, the old plaintiff, and their respective claims so that the defendants can be said to have been given fair notice of the latecomer's claim against them; and undue prejudice must be absent. *Allied Intern., Inc. v. International Longshoremen's Ass'n, AFL-CIO*, 814 F.2d 32, 35-36 (1st Cir. 1987).

An amendment that seeks to add a new plaintiff has been found to relate back (1) when it substitutes the real party in interest, (2) when the new plaintiff shares an identity of interest with the original plaintiff so as to put the defendant on notice that the new plaintiff was always involved with the litigation, (3) when the claims of the new plaintiff are identical to those of an original plaintiff and the defendant was on notice of the claim and (4) when the original plaintiff asserts a claim in a different capacity if the defendant was already on notice of the claim. *In re Tug Robert J. Buchard, Inc.*, 2006 WL 3692677, *3 (E.D.La. Dec. 11, 2006).

As discussed above, MCI is the real party in interest. The parties do not dispute that its claims arise out of the conduct set forth in the original pleading. The Defendants take the

position that MCI is not the real party in interest, because there is a dispute regarding the existence of a servitude and ownership of the cable. However, this argument involves genuine issues of material fact that go to the substantive merits of the claim, and the Court has previously declined to resolve these factual issues when it denied the Defendants' Motion for Summary Judgment (Rec. Doc. No. 81).

An identity of interest has been found between a parent corporation and a wholly owned subsidiary and between corporations with interlocking officers, *Melerine v. American Multi-Cinema, Inc.*, 882 So. 2d 628, 630 (5th Cir. 2004) (*citing Findley v. City of Baton Rouge*, 570 So.2d 1168 (La.1990)). The relationship must be such that there is an inference of notice. *Hardy v. A+ Rental Incorporated*, 95-2176 (La.App. 4th Cir.5/8/96), 674 So.2d 1155, writ denied, 96-1945 (La.11/1/96), 681 So.2d 1268. MCI is a subsidiary of the original plaintiff, Verizon. Verizon and MCI are both wholly owned subsidiaries of Verizon Communications. The claims of MCI, as the purported owner of the cable and entity injured when the cable was severed, are the same as those originally asserted by Verizon. Their relationship is such that when Verizon filed suit, alleging that it owned the fiber-optic cable and a servitude providing it access to the cable, the Defendants received notice of the claim such that they were not prejudiced in maintaining their defense on the merits. The claims of MCI thus relate back to the claims asserted in the original petition, and the Defendants' Motion to Dismiss must be denied.

## IV. CONCLUSION

For the foregoing reasons, the Defendants' Motions to Dismiss (Rec. Doc. Nos. 92 and 108) are hereby DENIED.

New Orleans, Louisiana this 30th day of March, 2009.

_____
UNITED STATES DISTRICT JUDGE