UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**VERIZON BUSINESS GLOBAL LLC**   CIVIL ACTION

**VERSUS**   NO:   07-0415

**WAYNE HAGAN, ET AL.**   SECTION: "L" (4)

## REPORT AND RECOMMENDATION

Before the Court is a **Motion to Fix and Assess Attorneys Fees and Costs (R. Doc. 225)**, filed by the Defendant, James Joubert ("Joubert"), seeking an order from the Court fixing attorney's fees and costs in the amount of $88,713.42.[1]  (Doc. 225-1.) The Plaintiff, Verizon Business Global, Inc.[2] filed an opposition memorandum (R. Doc. 237.)  On August 3, 2010, the Defendant Joubert filed a Motion to Supplement Motion to Assess Attorney's Fees and Costs (R. Doc. 271) wherein he supplemented his original motions to include the affidavits in support of the motion.

This matter was referred to the undersigned United States Magistrate Judge for a determination of the appropriate amount of attorney's fees and to submit Proposed Findings and Recommendations pursuant to Title 28 U.S.C. § 636(b)(1)(B)  The subject motion was submitted on the briefs on July 26, 2010.  (R. Doc. 269.)

---

[1] This amount consists of $82,815.50 in attorney's fees,  $1,125.00 in paralegal fees,  $4,385.87 in court costs and $387.05 in litigation expenses.

[2] On October 8, 2008, Judge Eldon E. Fallon granted the "Plaintiff's Motion to Substitute MCI Communications Services, Inc. As Plaintiff of Record" (R. Docs. 69 and 81).  Therefore, the plaintiff shall be referred to as MCI throughout this Report and Recommendation.

**I.      Background**

MCI Communications Services, Inc. ("MCI")[3] filed this lawsuit against Wayne Hagan and James Joubert for damages due to an accident involving their fiber-optic telecommunications cable. Hagan owned the property located in St. John the Baptist Parish where MCI's fiber-optic cable was located. On January 21, 2006, the fiber-optic cable was allegedly disturbed which the plaintiff believes was the result of the actions of James Joubert, and employee of Hagan.

Joubert allegedly was in the process of removing logs from the canal located on the property in order to assist with drainage, water flow, and navigation. MCI thereafter sued both Joubert and Hagan for the trespass or interference with their rights in the easement and cable and also for negligence. The matter was tried before a jury from November 9, 2009 through November 12, 2009. (R. Doc. 216-17, 246.) On November 13, 2009, Judge Eldon E. Fallon entered a Judgment in favor of James Joubert and Wayne Hagan and against MCI Communications Services, Inc. (R. Doc. 222.)

On November 25, 2009, Joubert filed a Motion to Fix and Assess Attorneys Fees and Costs. (R. Doc. 225.) On December 16, 2009, Judge Eldon E. Fallon granted Hagan's Motion. (R. Doc. 252.) Thereafter, the Court referred the matter to the undersigned for consideration of the reasonableness of the attorney's fees and related costs. (R. Doc. 267.) Consequently, Joubert filed the subject motion, seeking an Order from the Court fixing attorney's fees in the amount of $83,940.50 and costs totaling $4,772.92.

**II.     Standard of Review**

For cases sitting in diversity jurisdiction, state law governs the substantive questions of the award and reasonableness of attorney's fees. *Alyeska Pipeline Servs. Co. v. Wilderness Soc'y.*, 421

---

[3]MCI is the successor in interest in the fiber-optic cable and was substituted as a party by motion filed on September 11, 2008. (R. Doc. 69.)

U.S. 240, 259 n. 31 (1975); *Mathis v. Exxon Corp.*, 302 F.3d 448, 461(5th Cir. 2002). In the Fifth Circuit, state law controls both the award of and the reasonableness of fees awarded when state law supplies the rule of decision. *Mathis*, 302 F.3d at 461. Therefore, this Court must look to Louisiana law when determining the amount of, and the reasonableness of, attorney's fees.

In assessing the reasonableness of attorney's fees, there are ten factors that are to be taken into account. *State of Louisiana, Dept. of Trans. and Dev. v. Williamson*, 597 So.2d 439, 442 (La. 1992). These factors include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances made; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge. *Id.* at 442.

Further, while a court may consider an attorney-client contract among other factors, it is not bound by such an agreement in determining reasonable attorney's fees. Rather, the court should consider "the entire record, including discovery, pretrial motions, the legal issues involved, and the length of trial." *Richardson v. Parish of Jefferson,* 727 So.2d 705, 707 (La. App. 5th Cir. 1999). Therefore, because an hourly rate more properly takes the relevant factors into account, an hourly rate is the proper way to award reasonable attorney's fees in this matter.

The Fifth Circuit instructs that compensable hours are determined from the attorney's time records and include all hours reasonably spent. *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993). Counsel is then required to exercise billing judgment to exclude from the fee request any "hours that are excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 432-35 (1983). If there is no evidence of billing judgment, however, then the proper remedy is not

a denial of fees, but a reduction of the hours awarded by a percentage intended to substitute for the exercise of billing judgment.  *Walker v. City of Mesquite, Texas*, 313 F.3d. 246, 251 (5th Cir. 2002)(citations and quotation marks omitted).

## III.   Analysis

In support of its motion, Joubert's attorneys submitted invoices itemizing the professional services that they rendered in the case.  (R. Doc. 2271, Exh. A.)  A total of two attorneys worked on the case, Alexander R. Saunders ( "Saunders") and Raymond A. Pelleteri, Jr. ("Pelleteri"), and one paralegal Brandi DuMontier ("DuMontier").

In opposition, MCI asserts that Joubert is not entitled to recover his alleged attorney's fees and litigation expenses because there is no statutory or contractual authority for an award of fees. ( R. Doc. 237.)  MCI therefore suggests that the application for attorney's fees should be denied in its entirety or reduced to account for Joubert's counsel's failure to exercise billing judgment and its purported limited success on the merits.  (R. Doc. 237.)   Further MCI contends that to the extent Joubert's application seeks the recovery of attorneys fees for the pleadings he filed supporting Hagan's trespass counterclaim , such fees are not recoverable.

At the outset, the Court will address MCI's first contention that Joubert is not entitled to recover the alleged attorney's fees and litigation expenses because there is no statutory or contractual authority for an award of fees.  The Court notes that this issue was fully considered by the presiding district judge and rejected as evidenced by his order that Joubert is entitled to attorney's fees.

### A.   Reasonableness of Hourly Rates Charged

In awarding statutorily-authorized attorney's fees, district courts in the Fifth Circuit employ

a two-step procedure. *See Louisiana Power and Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir. 1995). First, the reasonable number of hours expended by counsel is multiplied by the reasonable hourly rate charged by lawyers in the community. *Id.* at 324. The product of this multiplication is the base fee, or "lodestar," which the Court then either accepts or adjusts upward or downward based on twelve factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974).[4] The Court may modify the lodestar if any of the Johnson factors not already considered in the reasonable fee analysis warrant an adjustment. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The lodestar is presumptively reasonable, however, and should be modified only in exceptional cases. *Id.* (*citing City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

Reasonable hourly rates are determined by the "prevailing market rates in the relevant community" for similar services by lawyers of comparable skill, experience, and reputation. *League of United Latin Am. Citizens # 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1234 (5th Cir.1997); *Wheeler v. Mental Health and Mental Retardation Auth. of Harris Cnty., Texas*, 752 F.2d 1063, 1073 (5th Cir.1985). The forum district, here New Orleans, is the relevant "market." *Hawkins v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. CIV.A. 3-96-CV-3219-R, 1998 WL 74259, at *1 (N.D. Tex. Feb. 13, 1998)(Buchmeyer, J.). Hagan shoulders the burden of producing satisfactory evidence, in addition to his attorneys' affidavits, that the requested rate is consistent with prevailing market rates. *Wheeler*, 752 F.2d at 1073; *Guidry v. Jen Marine, LLC,* Nos. Civ.A. 03-0018, 03-1127, 2003 WL

---

[4]The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the case; (3) the skill required; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed; (8) the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

23095590, at *4 (E.D. La. Dec. 24, 2003)(Roby, J.).  "When the attorney's customary hourly rate is within the range of hourly fees in the prevailing market, that rate should be considered in setting a reasonable hourly rate.

At issue initially, is the legal knowledge, attainment and skill of the attorneys.  Raymond A. Pelleteri, Jr. graduated from Loyola Law School in the spring of 1981.  (R. Doc. 271-3.)  He was admitted to the Louisiana State Bar in the fall of 1981.  *Id.*  He is admitted to practice in the United States District Court for the Eastern, Middle, and Western Districts of Louisiana, the Fifth Circuit and all state courts in Louisiana.  (R. Doc. 271-3.)  He typically charges $155.00 per hour.  *Id.*

Alexander Saunders is a partner at Pelleteri & Wiedorn, LLC.  He graduated from Loyola Law School in the spring of 2003 and was admitted to the Louisiana State bar in the fall of 2003.  In 2006, he was admitted to the New York State bar.  He is admitted to all federal district courts in Louisiana, the Fifth Circuit, and all state courts in New York and Louisiana.  He practices in the areas of civil defense litigation, including personal injury defense, construction litigation, complex commercial litigation, and insurance coverage litigation.  (R. Doc. 271-2, p. 2.)  His hourly rate is $155.00.

Brandi Dumontier is a paralegal in the law firm.  She attended the University of New Orleans in the fall of 2002.  She worked at two law firms before joining Pelleteri & Wiedorn, L.L.C.  In 2006. (R. Doc. 271-4, p. 1.) Ms. Dumontier attests that she is an experienced paralegal in the fields of personal injury and civil defense litigation.  She further states that her standard hourly rate is $75.00.

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should

consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light Co. V. Kellstrom*, 50 F. 3d at 324. The rate an attorney charges clients is powerful and perhaps the best evidence of his market rate. *Dillard v. City of Greensboro*, 213 F. 3d 1347, 1353 (11th Cir. 2000). The Court notes that MCI does not challenge the reasonableness of the rate charged by Joubert's counsel. Therefore, the Court finds that the rates charged are reasonable, including $155.00 per hour for Pelleteri and Saudners and $75.00 for DuMontier.

### B. Reasonableness of the Total Fee-Extent and Character of Work

The Court must next determine whether the number of hours that plaintiff's counsel expended on the litigation was reasonable. The burden of proving the reasonableness of the hours expended is on the fee applicant. *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001.) As a general proposition, all time that is excessive, duplicative, and/or unproductive should be excised from any award of attorney's fees. *Watkins v. Fordice*, 7 F.3d at 457.

Initially, MCI contends that Joubert's counsel incessantly used block billing. (R. Doc. 237, p. 7.) MCI contends that a large amount of the recorded time is broadly described in an unsegregated manner so as to preclude a determination of each claim. *Id.*

"Block billing" can be defined as the time-keeping method by which an attorney lumps together the total daily time spent working on a case, rather than itemizing the time expended on specific tasks. *Robinson v. City of Edmond*, 160 F.3d 1275, 1283, n. 9 (10th Cir.1998); *Harold Stores, Inc. v. Dillard Dep't Stores, Inc*., 82 F.3d 1533, 1554 n. 15 (10th Cir. 1996). *See also Inst. for Wildlife Prot. v. Norton, No.* C03-1251P, 2006 WL 1896730, at *2 (W.D. Wash. July 10, 2006); *Defenbaugh v. JBC & Assocs*., Inc., No. C-03-0651 JCS, 2004 WL1874978 (N.D. Cal. Aug. 10,

7

2004). This practice can make it impossible for the court to determine the reasonableness of the hours spent on each task; particularly, when generic labels are used and the Court cannot determine whether the tasks are related or which matters the "calls" or "correspondence" address. While block billing creates impediments to the analysis of the attorney's fee bill, the Supreme Court has indicated that it is not a basis for refusing to award attorney's fees. *Hensley*, 461 U.S. at 437, n. 12.

The method most often used to compensate for block billing is a flat reduction of a specific percentage from the award. *See, e.g., Delgado v. Village of Rosemont*, No. 03 C 7050, 2006 WL 3147695, at *7 (N.D. Ill. Oct. 31, 2006)(reduction of total fees by 35% for vagueness, block billing and lack of detail); *Phoenix Four, Inc., v. Strategic Res. Corp.*, No. 05 Civ. 4837(HB), 2006 WL 2135798, at *2 (S.D.N.Y. Aug. 1, 2006)(fee award reduced by 25% for block billing); *Ass'n of Holocaust Victims for Restitution of Artwork and Masterpieces v. Bank Austria Creditanstalt*, No. 04 Civ. 3600(SWK), 2005 WL 3099592, at *7 (S.D.N.Y. Nov.17, 2005); (reduction of award by 25% for block billing, excessive hours, and vagueness in time entries); *Sea Spray Holdings, Ltd. v. Pali Fin. Grp. Inc.*, 277 F.Supp.2d 323, 326 (S.D.N.Y.2003) ("because of . . . the inherent difficulties the court would encounter in attempting to parse out reasonable hours and manpower for appropriate tasks, the court finds that a 15% flat reduction of fees . . . is warranted."). *See also Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F.Supp.2d 279 (E.D. La.2008) (Roby, J).

The Court notes that there was only one instance in which the undersigned observed that Pelleteri block billed. On August 16, 2007, Pelleteri billed one hour for "receiving and reviewing of Harbor Homeowners 2nd set of Interrogatories and 3rd set of Request for Production of Documents and also including the witness list." (R. Doc. 271-1.) After reviewing the entry, the Court finds that it should be reduced by 50% or to .50 hours. There were no additional block billed entries.

### C. <u>**Billing Judgment**</u>

MCI contends that Joubert's counsel failed to exercise billing judgment. MCI contends that there is substantial evidence that their was considerable duplication of effort, excessive time charges for mundane tasks, and time charged for tasks that did not require the services of an attorney. (R. Doc. 237, p.11.) MCI also complains that there were excessive conferences between co-counsel. (R. Doc. 258, p.11.)

Additionally, MCI contends that there are at least twenty-one instances in which Joubert's counsel billed time to " file review" or "file reviewed in preparation for Trial." (R. Doc. 237, p. 11.) According to the billing invoice, Raymond Pelleteri billed 3.40 hours and 1.30 hours for reviewing the file to prepare an answer / discovery. These entries seem excessive in light of the fact that the litigation had only commenced just three months earlier and the pleadings filed are minimal at that point. (Exhibit A, 04/09/07-RAP- P.1) The Court therefore reduces the total time spent from 4.7 hours to 2.5 hours.

Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir.1996). The fee seeker's attorneys "are charged with proving that they exercised billing judgment." *Id.* at 770. When billing judgment is lacking, the court must exclude from the lodestar calculation the hours that were not reasonably expended.

Where multiple attorneys staff a case, the Court must scrutinize whether efforts were duplicated and time properly utilized. *Walker v. U.S. Dep't of Housing and Urban Dev.*, 99 F.3d 761, 768 (5th Cir. 1996). "The time of two or three lawyers in a courtroom or conference when one

would do, may obviously be discounted." *Id.*

### 1. <u>Unsupported Billing Entries</u>

There is no indication that Joubert's counsel exercised billing judgment. In fact, a review of the invoices illustrate that there were multiple entries for file review in preparation for trial. These descriptions are vague and do not permit the reviewer to determine what components of the file were reviewed. The total amount of clearly vague entries in this category is 13.70 hours for Raymond A. Pelleteri, 4.70 hours for Brandi DuMontier, and 57.80 hours for Alexander Saunders.[5] Consequently these entries will be disallowed.

### 2. <u>Administrative Tasks</u>

The Court also notes that Joubert's counsel charged fees for paralegal work that is more appropriately billed as administrative overhead. To recover for paralegal fees, the services rendered by the paralegal must be legal in nature, or work traditionally performed by an attorney. *Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325, n. 1 (5th Cir. 1980). Work that is legal in nature includes factual investigation, locating and interviewing witnesses, assisting in discovery, compiling statistical and financial data, checking legal citations, and drafting correspondence. *Missouri v.*

---

[5] 12/22/08-Pellateri-"file reviewed for phone conference with the court"-2.0 hours; 01/06/09-Pellateri-"File reviewed regarding Trial report"-1.40 hours; 01/23/09-Saunders-"file reviewed"-1.20 hours; 10/21/09-Pellateri-"file reviewed in preparation for trial," 2.30 hours; 11/02/09-Pellateri-"file reviewed in preparation for trial," 4.50 hours;11/05/09-Pellateri-"file reviewed in preparation for trial"-1.50 hours;10/21/09-DuMontier "continued preparation of voluminous documents for trial," 3.00 hours; 11/02/09-DuMontier-"Prepare documents for trial"-1.70 hours;10/12/09-Saunders- "File review"-.50 hours; 10/14/09-Saunders- "File reviewed"-1.80 hours;10/21/09-Saunders-"file reviewed in preparation for trial"-1.40 hours;10/23/09-Saunders-"file reviewed in preparation for trial"-2.30 hours; 10/28/09-Saunders-"file reviewed"-.40 hours; 11/01/09-Saunders-"File reviewed in preparation for trial"-8.00 hours;11/02/09-Saunders-"file reviewed in preparation for trial"-2.10 hours;11/03/09-Saunders-"file reviewed in preparation for trial"-6.00 hours;11/04/09-"file reviewed in preparation for trial"-5.00 hours; 11/05/09-Saunders-"file reviewed in preparation for trial"-4.20 hour; 11/06/09-Saunders-"file reviewed in preparation for trial";11/07/09-Saunders-"file reviewed in preparation for trial"-8.00 hours; 11/08/09-Saunders-"file reviewed in preparation for trial"-8.00 hours;11/09/09-Saunders-"file reviewed in preparation for trial"-3.40 hours;11/09/09-Saunders-"file reviewed in preparation for trial"-2.50 hours;11/10/09-Saunders- "file reviewed in preparation for trial"-1.10 hours;11/11/09-Saunders-"file reviewed in preparation for trial"-3.10 hours.

*Jenkins*, 491 U.S. 274, 288 (1989). Legal activities undertaken by paralegals must be distinguished from activities that are clerical or secretarial in nature, including typing, copying, or delivering pleadings. *Id*. Clerical and secretarial tasks cannot be billed at paralegal rates. *Id*.

Here, Saunders charged 0.10 hours for "faxing a signature page of the protective order to Kimberly Schultz." (R. Doc. 2271-1-3, Exh. A, p. 6), 2.50 hours "compiling and copying expert reports and abstracts and a survey", (R. Doc. 271-1, Exh. A), 1.80 hours for "compiling a deposition transcript and copying of exhibits and filing pleadings," (R. Doc. 271-1-3-3, Exh. A, p. 33), 0.80 hours for "filing a motion electronically with the court," (R. Doc. 271-1, Exh. A, p. 93) and 0.60 hours for "traveling to Federal Court to pick up a prepared transcript." (R. Doc. 271-1, Exh. A. p. 33). The total administrative hours billed by Saunders is 5.80 shall be disallowed.

### 3. <u>Unsuccessful Strategies</u>

MCI contends that the billing entries include charges for unsuccessful matters. MCI contends, for example, that Joubert's attorneys devoted approximately 38.80 hours working on matters related to Joubert's unsuccessful opposition to MCI's motion to substitute and Joubert's Motion to Dismiss for lack of subject matter jurisdiction.

It is true that the Court ultimately dismissed the trespass claim. In *Leroy v. City of Houston* the Circuit Court found that fees should not be awarded for time spent on unsuccessful motions. 906 F.2d 1068 (5th Cir.1990). However, *Leroy* is much more complicated than perceived on first blush. It is true that the Fifth Circuit reduced counsel's fees for hours related to "matters on which plaintiffs have not ultimately prevailed." *Id.* at 1084. Within context, however, of the Fifth Circuit's earlier discussion on why plaintiffs did not prevail reveals that the Fifth Circuit considered that the plaintiff sought to recover fees for administrative and litigation activities which was required to be

qualitatively and timely tied to the lawsuit for it to be work performed on the litigation.

The Fifth Circuit noted that plaintiffs failed to follow clearly established and "appropriate procedure" in seeking modification of the previously issued Fifth Circuit mandate. *Id.* at 1074. Moreover, plaintiffs urged the district court on remand to award prejudgment interest, an action the district court was "without power" to do. *Id.* Hence, the Fifth Circuit disallowed much of the requested award.

As a general rule, attorneys fees are not due and owing a successful litigant unless specifically provided for by contract or by statute. *Killebrew v. Abbott Laboratories,* 359 So.2d 1275 (La. 1978). The Louisiana statute at issue in this case only provides for the award of attorney's fees where the court finds in favor of the excavator or demolisher. Thus the statute expressly applies to the excavation of land and not the trespass of land. L.R.S. § 40:1749.14(F). Its purpose is to protect the public and prevent the interruption of essential services resulting from the destruction of underground facilities or utilities. L.R.S. § 40:1749.11. Consequently, the Court finds that Joubert is not entitled to recover the 23.40 hours billed in the preparation and prosecution of the opposition to the motion to substitute or the motion to dismiss.[6]

## D. Travel Time

In addition to the challenges asserted above, MCI contends Joubert should not be awarded 100% of its travel time between various points for traveling to and from depositions and court. Joubert does not respond to this argument.

Attorney travel time should be compensated at a lower rate than legal work. Courts in this Circuit typically compensate travel time at 50% of the attorney's rate in the absence of

---

[6]The Court notes that the District Judge granted MCI's Motion to Substitute. (R. Doc. 81.)

documentation that any legal work was accomplished during travel time. *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir.1993) (in Voting Rights Act case involving legislative redistricting, compensation for attorneys travel time was awarded at one half of the hourly rate allowed for the attorneys); *Jiminez v. Paw-Paw's Camper City, Inc*., 2002 WL 257691, at *23 (E.D. La. Feb. 22, 2002) (awarding attorney fees for travel time at one-half of normal hourly rate in employment discrimination case); *Paul v. CMC Mfg., Inc.,* 1998 WL 527102, at *2 (N.D. Miss. Aug. 6, 1998) (travel time should be billed at one-half the hourly rate of the lawyer involved); *Jackson v. Capital Bank & Trust Co.*, 1994 WL 118332, at *26-27 (E.D. La. March 30, 1994).

The defendant provided no documentation that any legal work was accomplished during the travel time billed for in this case. Therefore, each rate for the time entries that reflect travel time will be reduced by 50%. Saunder's rate of $155.00 is reduced to $77.50 for travel time[7]. (R. Doc. 225-3, Exh. A, p. 2.) The total hours for travel are 18.80 hours.

Having determined that the hours that needed adjustment or reduction or exclusion, the Court will proceed with determining the reasonable attorneys fees:

---

[7]On May 19, 2008, Saunders billed for 1.50 hours for a trip to Baton Rouge and 1.50 for the return trip for a deposition of MCI employees. On May 20, 2010, Saunders billed 1.50 hours for a trip to Baton Rouge and 1.40 hours for the return trip for an additional deposition of MCI employees. On May 21, 2010, Saunders billed 1.50 hours for a trip to Baton Rouge and 1.40 hours for a return trip to Baton Rouge for another deposition. On November 18, 2010, he billed 5.00 hours for a trip to Monroe, Louisiana, and on November 19, 2010, he billed an additional 5.00 hours for his return trip.

| **Billing attorney** | **Hourly Rate** | **Time** | **Fee** | **Total Fees** |
|---|---|---|---|---|
| Alexander R. Saunders (Attorney) | $155.00<br>Travel Rate<br>$77.50 | 436.79hours[8]<br>+ 18.8 hours<br>455.59hours | $67,702.45<br>$ 1,457.00 | $69,159.45 |
| Raymond A. Pelleteri, Jr. (Attorney) | $155.00 | 20.80 hours[9] | $3,224.00 | $ 3,224.00 |
| Brandi DuMontier (Attorney) | $65.00 | 9.60 hours[10] | $ 624.00 | $ 624.00 |
| PAR[11] | unknown | 0.80 hours | $   -0- | $   -0- |
| **Total Reasonable Attorneys Fees** | | | | **$73,007.45** |

### IV. Recovery of Costs

Joubert also seeks to recover costs associated with the underlying matter. Both parties briefed the issue of whether or not Joubert is entitled to costs. However, on February 12, 2010, the presiding judge issued an order denying judicial review of the Clerk's action in taxing costs in favor of Hagan. (R. Doc. 256.) Furthermore, the presiding judge only referred the issue of attorney's fees to the undersigned. (*See* R. Doc. 267.) Therefore, the Court abstains from addressing the merits of

---

[8]The total hours billed by Saunders was 542.59. From that, the Court subtracted 57.80 hours for which there were unexplained billing entries, 5.80 hours for administrative tasks, and 23.40 hours for unsuccessful billing strategies. This brought Saunders total billed hours to 455.59 hours. From that, the Court subtracted 18.80 hours for travel time billed at the regular hourly rate but awarded these hours at the reduced hourly rate. Therefore, the hours billed at the regular hourly rate are 436.79 hours.

[9]The total hours billed by Pelleteri were 37.20 hours. From that, the court subtracted 0.50 hours for the block billing entry; 2.2 hours for failure to exercise billing judgment, and 13.70 hours for the unexplained billing entry. This brought Pelleteri's properly billed hours to 20.80 hours.

[10]The total hours billed by DuMontier were 14.30 hours. From that, the Court subtracted 4.70 hours for unexplained billing entries. This brought DuMontier's total hours to 9.60 hours.

[11]The Court, in reviewing the application, noticed a billing entry for a person with the initials of PAR. However this person did not submit an affidavit which established his or her background and experience. As a result the entry is disallowed.

the arguments, and recommends that the request be denied as moot.

## VI.     Conclusion

**IT IS RECOMMENDED** that the Defendant's **Motion to Fix and Assess Attorneys Fees and Costs (R. Doc. 225)**, be **GRANTED** in part and **DENIED** in part.

- **IT IS RECOMMENDED** that the request be **GRANTED** insofar as the Court recommends that attorney's fees be awarded in the amount of **$73,007.45.**

- **IT IS RECOMMENDED** that the requests for costs be **DENIED AS MOOT** as the issue has already been resolved by the presiding judge.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 22nd day of October 2010

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**